# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **JOHNNY JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | No. 4:13CV278 HEA |
| | ) | |
| **TROY STEELE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PETITIONER'S REQUEST THAT THIS COURT CONDUCT A PHONE CONFERENCE, IN LIEU OF AN IN COURT HEARING, ON DECEMBER 3, 2019

COMES NOW petitioner, by and through CJA appointed counsel, and requests this Court for an order clarifying the scope of the hearing previously ordered for December 3, 2019, and further requests that this Court conduct a phone conference in lieu of this hearing, to allow the parties to discuss whether petitioner has a right to an evidentiary hearing in which witness testimony may be presented. In support of this request, petitioner states as follows:

By court order this Court ordered a "hearing" in this capital habeas corpus case on December 3, 2019, at 10:30 a.m. Counsel for petitioner interpreted this order as reflecting the Court's intention to grant an evidentiary hearing in which the testimony of witnesses can be presented on the substantive and procedural

1

issues before the Court. In particular, counsel for petitioner believed that he would be given an opportunity to present evidence to overcome the procedural bar defenses advanced by the State to some of petitioner's claims for relief.

Therefore, as noted in Doc. 75, all of petitioner's State court counsel have retired from the public defender system and were, as a result, more difficult to contact. In fact, counsel has still been unable to make contact with state post-conviction counsel Loyce Hamilton.

In opposing petitioner's continuance request, (Doc. 76), respondent suggested that the Court, in lieu of conducting a full evidentiary hearing next week, allow the parties to argue whether petitioner is legally entitled to an evidentiary hearing. Petitioner believes that this is a reasonable request, particularly in light of the fact that it appears that counsel cannot make contact with all of the material witnesses to obtain their presence and testimony at next week's hearing. Counsel for petitioner would further request that this Court, in lieu of holding a live hearing, allow the parties to argue their relative positions by phone conference rather than requiring both counsel for the State and CJA appointed counsel travel from out of town at taxpayer expense for a very brief oral argument. The situation is further complicated by the fact that CJA appointed co-counsel, Gino Battisti, who resides and practices in St. Louis, has been incapacitated and bed ridden with

severe back spasms and will likely have to be hospitalized for an indeterminate period of time.

WHEREFORE, for all the foregoing reasons, petitioner respectfully requests that this Court cancel the scheduled evidentiary hearing and instead order a phone conference to discuss the necessity for such a hearing in this same time slot or, grant such other and further relief as the Court deems fit.

Respectfully submitted,

/s/ Kent E. Gipson
KENT E. GIPSON, #34524
Law Office of Kent Gipson, LLC
121 E. Gregory Blvd.
Kansas City, MO  64114
816-363-4400 • Fax 816-363-4300
kent.gipson@kentgipsonlaw.com


/s/ Gino F. Battisti
GINO F. BATTISTI, #33148
FOLEY AND MANSFIELD, P.L.L.P.
101 South Hanley Road, Suite 600
St. Louis, MO 63105
314-925-5700 • Fax 314-925-5701
gbattisti@foleymansfield.com

COUNSEL FOR PETITIONER

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of November, 2019, the foregoing was filed via the CM/ECF system which sent notification to all counsel of record.

                                           */s/ Kent E. Gipson*
                                           Kent E. Gipson