UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY A. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:13CV00278 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), [Doc. No. 88]. Respondent opposes the Motion and has filed a written memorandum in support of his opposition. For the reasons set forth below, the Motion is denied.

On February 28, 2020, this Court denied Petitioner's Petition for Writ of Habeas Corpus and denied his request for an evidentiary hearing. His request for a Certificate of Appealability was also denied. Petitioner now moves the Court to alter or amend the judgment.

### Standard of Review

Rule 59 motions serve the "limited function" of correcting "manifest errors

of law or fact or to present newly discovered evidence," and cannot be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations and citations omitted). It is improper to bring a Rule 59 motion in order to "repeat[ ] arguments the district court had already rejected" in the order Petitioner is asking to be altered or amended. *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

## Discussion

Petitioner first claims the Court should reconsider its denial of his claim that counsel was ineffective by failing to adequately investigate and present mitigating evidence in the penalty phase, the "*Wiggins*" claim. *Wiggins v. Smith*, 539 U.S. 510 (2003). Petitioner argues that the Court improperly "looked through" the Missouri Supreme Court ruling and relied on the Motion Court's analysis.

This Court reviewed the entire record presented and specifically analyzed whether the Missouri Supreme Court's decision was contrary to or an unreasonable application of clearly established federal law. Petitioner repeats and

reargues the same grounds presented in his petition and traverse.

Petitioner argues that the Missouri Supreme Court decision is contrary to *Strickland* because it "parsed" the *Wiggins* claim into separate components. However, as Respondent argues, *Forrest v. Steele*, 764 F.3d 848, 860 (8th Cir. 2014) prohibits the type of bundling Petitioner advocates.

> Forrest now claims the Missouri Supreme Court's decision "was contrary to" and "involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), insofar as the Missouri Supreme Court assessed claim by claim the reasonableness of defense counsel's performance. Forrest contends clear Supreme Court precedent obligated the Missouri Supreme Court to bundle the individual claims of attorney error and determine whether the body of these alleged faults, en masse, overcome *Strickland's* presumption of reasonableness. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. We do not understand the *Strickland* standard to demand this sort of cumulative performance inquiry, *see Wainwright v. Lockhart,* 80 F.3d 1226, 1233 (8th Cir.1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief." (internal citation omitted)), nor does Forrest direct us to a Supreme Court decision supporting his assertion.

*Forrest v. Steele*, 764 F.3d 848, 860 (8th Cir. 2014).

Petitioner's again argues that the Missouri Supreme Court failed to follow Supreme Court precedent requiring a reviewing court to consider both mitigating evidence, including mental health evidence that was presented to the jury, as well as, all of the mitigating evidence that trial counsel failed to present in assessing

3

*Strickland* prejudice. This identical argument was presented in Petitioner's traverse. Under *Preston*, Petitioner's attempt to reargue this previous argument is denied.

Likewise, Petitioner's argument that the Missouri Supreme Court improperly set out the *Strickland* standard was previously presented, and therefore not a proper basis to alter or amend the denial of habeas relief.

Petitioner's *Batson* claim was considered, discussed and denied based on the Court's determination that the state court's decision was a reasonable application of *Batson v. Kentucky*. Once again, Petitioner is attempting to persuade the Court to reconsider its conclusions based on identical arguments previously made. Petitioner has presented nothing new requiring reconsideration of the *Batson* analysis.

## Certificate of Appealability

Petitioner asks the Court to reconsider its denial of a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner "has made a substantial showing of the denial of a constitutional right." *See Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 522. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.

4

*Cox*, 133 F.3d at 569 (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (1994)); *see also Miller–El*, 537 U.S. at 335–36 (reiterating standard).

As Respondent correctly argues, the standard for a certificate of appealability in habeas cases must be determined under AEDPA's standards. "We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El,* 537 U.S. at 336.

## Conclusion

Based upon the foregoing, Petitioner has failed to satisfy the requirements necessary to alter or amend the judgment in this habeas proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), [Doc. No. 88], is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

Dated this 28th  day of September, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE